IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) | |
| JUAN N. WALTERSPIEL, M.D., F.A.A.P. ) | |
| ) | |
| *Plaintiff/Relator*, ) | |
| ) | |
| v. ) | 1:09-cv-01086-JMS-DML |
| ) | |
| ) | |
| BAYER A.G., QUINTILES ) | |
| TRANSNATIONAL CORP., JOHN DOE, ) | |
| JOE DOE, and JANE DOE, ) | |
| ) | |
| *Defendants*. ) | |

**PLAINTIFFS' SEPARATE RESPONSE TO THE COURT'S JULY 9, 2012 ORDER TO SHOW CAUSE REGARDING WHETHER VENUE SHOULD BE TRANSFERRED**

Plaintiff-Relator Juan N. Walterspiel, M.D., F.A.A.P., by counsel, hereby respectfully submits his separate response to the Court's Order to Show Cause Regarding Whether Venue Should Be Transferred. Counsel for Plaintiff contacted counsel for Quintiles and explored whether the parties could agree on a joint response to the Court's Order to Show Cause. Quintiles' counsel communicated that Quintiles' position was that it preferred to have the case remain in the Southern District of Indiana where Plaintiff filed it. For the reasons stated herein, Plaintiff concludes that there are several venues that would be appropriate to hear and decide this matter, and Plaintiff defers to the judgment of this Court as to which venue is most appropriate under the circumstances. Plaintiff would not object to the transfer of venue to any of the Districts that appear to be more practical, all things considered, than either venue in Indiana, which include Connecticut, Washington, D.C., and North Carolina.

1

## I. LEGAL STANDARDS REGARDING SELECTION OF VENUE

Any federal district court in which suit has been filed with proper venue may, "for the convenience of parties and witnesses, in the interest of justice…transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a)(2006); *Coffey v. Van Dom Iron Works,* 796 F.2d 217, 219 (7th Cir. 1986); *Valbruna Stainless Inc., v. ADT Security Services, Inc.,* No. 1:10-CV-WCL-RBC, 2010 WL 272324 (N.D. Ind. June 12, 2010). The movant carries the burden of showing by reference to specific circumstances that the transferee forum is clearly more convenient. *Id.* at 219-220.

A district court should consider a number of "private interests" when determining whether transfer is appropriate to a particular forum. These factors include: the plaintiff's choice of forum; the situs of the material events; the relative ease and access to sources of proof; the convenience of witnesses; and the convenience of the parties of litigating in respective forums. *Schumacher v. Principle Life Ins. Co.,* 665 F. Supp. 2d 970, 977 (N.D. 2009). In addition to these private interests, a court must also consider the "interests of justice" or "public interest." This involves evaluating the court's familiarity with applicable law and the desirability of resolving controversies in their locale. *Coffey,* 796 F.2d at 221.

## II. PLAINTIFF'S RESPONSE TO THE SPECIFIC POINTS REGARDING VENUE NOTED BY THE COURT IN THE ORDER TO SHOW CAUSE

Plaintiff Juan Walterspiel, M.D., agrees with the principal observations made by the Court in its Order to Show Cause. Plaintiff is, as alleged in his Complaint, a licensed physician who resides in California and holds medical licenses in California, Georgia, Texas, and the European Union. Defendants are international corporations involved in the pharmaceutical business.

As Plaintiff alleged in the Complaint, Defendant Bayer A.G. conducts business in the

Northern District of Indiana and maintains, or did maintain, manufacturing facilities in Elkhart and Mishawaka. However, it should be noted that these facilities are unrelated to the factual controversy and events at issue in this case.

As the Court notes, 28 U.S.C. § 1391 provides that a civil action may be brought in a judicial district in which any defendant resides; in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or, if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the district court's personal jurisdiction with respect to such action. And, as the Court noted, federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources. Further, under the authority afforded to district courts pursuant to 28 U.S.C. § 1404(a), the Court can transfer a case to a more appropriate forum *sua sponte*.

As the Court noted, the Plaintiff's Complaint does not allege facts in the Complaint linking any of the parties or a substantial part of the events giving rise to Plaintiff's claim to the Southern District of Indiana, and Plaintiff and his counsel are not aware of any such facts. The Complaint was initially drafted to be filed in the Northern District of Indiana as is reflected in counsel's correction to the caption.

### III. SIGNIFICANT VENUE CONSIDERATIONS IN THIS CASE

The significant factual considerations regarding venue in this case include the following. Witnesses involved with Defendant Bayer's Cipro studies and Plaintiff Dr. Walterspiel's work for Bayer on those studies are expected, based on the history of the matter and Dr. Walterspiel's current research, to be found on the East Coast and specifically in Connecticut and the surrounding

3

states. Dr. Walterspiel worked with Bayer's offices in West Haven, Connecticut during the time he worked on the Bayer Cipro study at issue in this case. Defendant Quintiles' headquarters is located in North Carolina and presumably some of Quintiles' witnesses would be there. Plaintiff's counsel are in part on the East Coast, with the Government Accountability Project located in Washington, D.C., and in part in Indiana (counsel Harrison). Quintiles has counsel on the East Coast including in Washington, D.C. If and when Bayer appears, as Plaintiff believes it should, the East Coast may be as good as any forum for Bayer and its counsel (or possibly Pittsburgh, where Bayer's United States corporate headquarters, or the headquarters of some Bayer entity is located). Plaintiff Dr. Walterspiel is located on the West Coast in Northern California.

Defendant Bayer does has a history of a corporate presence in the Northern District of Indiana (which is why Plaintiff's counsel Harrison originally contemplated filing there) but the bulk of the events related to the Bayer Cipro study in question took place in connection with Bayer's offices in Connecticut. Dr. Walterspiel's contract with Bayer to perform his professional work on the Cipro study data in question referenced Bayer's Connecticut offices while noting that, at that time, Bayer was incorporated in Indiana. The Southern District of Indiana is a technically correct venue under the False Claims Act (and convenient for Plaintiff's counsel Harrison). However, given the totality of the considerations above, it would appear at the moment that, considering the location of potential witnesses and the parties and their current counsel, in terms of practicality, expense, and convenience, both venues in Indiana are less advantageous than a venue on the East Coast (Connecticut, Washington, D.C., or North Carolina).

In regard to distinctions among the potential East Coast venues, the federal District Court in Washington, D.C. is likely the district court with the greatest expertise on Food and Drug Administration issues and would have at least as much expertise in the area of False Claims Act

4

cases as other federal Districts. Connecticut would likely be the most practical regarding witnesses related to Bayer's conduct, and North Carolina may be the most practical regarding witnesses related to Quintiles' conduct. Washington, D.C., being located between Connecticut and North Carolina (and closer to both than Indiana), being the venue where the courts have the greatest relevant expertise, and being where counsel for Quintiles and for Dr. Walterspiel are located, appears clearly superior to both Indiana venues.

Connecticut also appears superior to both Indiana venues. Although typically a plaintiff's choice of forum is given substantial weight, see *Moore v. Motor Coach Indus., Inc.,* 487 F. Supp. 2d 1003, 1006-07 (N.D.Ill.2007), that rule does not apply here for several reasons. First, as noted above, there is no great advantage to Plaintiff Walterspiel of an Indiana venue (he resides in California) and since the filing of the Complaint Dr. Walterspiel has obtained co-counsel in Washington, D.C. (the Government Accountability Project). Further, Plaintiff here does not object to a change of venue. In addition, a plaintiff's choice is afforded less deference when "another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events." *OmniSource Corp. v. Sims Brothers, Inc.,* No.1-08-CV-89, 2008 WL 275634 (N.D. Ind. 2008). In this case, as the Court has noted and as Plaintiff has agreed, there are no substantial links of the parties or a substantial part of the events giving rise to the Plaintiff's Claim to the Southern District of Indiana.

In deciding to transfer a case to Ohio, the court in *OmniSource Corp. v. Sims Brothers, Inc.,* No.1-08-CV-89, 2008 WL 275634 (N.D. Ind. 2008) gave substantial weight to the fact that Ohio was the situs of material events in the case. The situs of material events in this case is not in the Northern District of Indiana and instead in the District of Connecticut. The plaintiff worked as a consultant to Bayer's Health Care Division in West Haven, Connecticut when he discovered the

5

Defendants' fraudulent activity.   In contrast, no material events related to this case occurred in the Northern District of Indiana where the Court proposes transfer.

In a decision to transfer a case from the Northern District of Indiana to the Northern District of California, the court in *Depuy Orthopaedics, Inc. v. Gault South Bay, Inc.,* No. 3:07-CV-425RM, 2007 WL 3407662 (N.D. Ind. Nov 13, 2007) gave substantial weight to the factor of relative ease and access to proof.   It was significant to its decision to transfer that relevant documents and evidence were located in California and not in Indiana.   *Id.* at *10.   In the instant case of Dr. Walterspiel, relevant records relating to the fraudulent scheme including the medical data that the Plaintiff was hired to evaluate are expected to still be housed at Bayer Healthcare's offices in West Haven, Connecticut.   To the best of Plaintiff's knowledge no relevant witnesses or documentary evidence (other than that already in Dr. Walterspiel's Indiana counsel's possession) is located in Indiana.

The courts in *Depuy Orthopaedics, Inc.* and *OmniSource Corp. v. Sims Brothers, Inc.*, when deciding to transfer cases there out of their own jurisdiction, gave substantial weight to the convenience of witnesses.   In this case, the Plaintiff has reason to believe that many of the witnesses with knowledge of the Defendants fraudulent scheme will be at Bayer's West Haven office or in other places along the East Coast.   Specifically, the neurologist that was hired to lead the Cipro team was out of this office and still works for Bayer.   In contrast, the Plaintiff is not aware of any witnesses being located in the Northern District of Indiana.

The court in *First Nat. Bank v. El Camino Resources, Ltd,* 447 F. Supp.2d 902, 912-913 (N.D. Ill. 2006) held that the venue determination concerns the parties' "respective residences and abilities to bear the expense of trial in a particular forum."   It stated that, "a motion to transfer cannot be used simply to shift the one party's inconvenience to another party." *Id.* (internal

6

citations omitted). In this case, moving the case to the District of Connecticut instead of the Northern District of Indiana does not make it less convenient for Defendants Bayer and Quintiles, who have major offices in West Haven and nearby Cambridge, Massachusetts respectively.

In diversity cases, courts often give substantial weight to whether or not the receiving district court is familiar with relevant law. *See Valbruna Stainless Inc.,* 2010 WL 2772324 at \*6 (N.D. Ind. 2010). However, this case has federal question jurisdiction based on the False Claims Act, 31 U.S.C. § 3729 et seq. and not diversity jurisdiction. The District Court of Connecticut is as familiar with the False Claims Act as the Northern District of Indiana. Furthermore, with regard to the interest of justice, the citizens of Connecticut have a strong interest in having this dispute arising from fraud related to local business adjudicated locally. Indiana has much less of an interest.

**Conclusion and Relief Requested**

For the foregoing reasons, Plaintiff defers to the Court's judgment regarding the most appropriate venue in this matter, and would not object to the transfer of venue to any of the Districts of Connecticut, Washington, D.C., or North Carolina.

Respectfully submitted,

S/Mick G. Harrison
Mick G. Harrison, Esq.
205 N. College Ave., Suite 311
Bloomington, IN 47404
Tel. (812) 361-6220
Fax (812) 336-7268
Mickharrisonesq@earthlink.net

Richard E. Condit, Esq.
Government Accountability Project

7

1612 K Street, NW, Suite 1110
Washington, DC 20006
Phone: 202.457.0034
Fax: 202.457.0059
richardc@whistleblower.org
Counsel for Plaintiff Juan N. Walsterpiel, M.D.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Plaintiff's Response to Order to Show Cause as to Whether Venue Should Be Transferred was electronically filed and thereby automatically served on the parties indicated below. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kathleen McDermott (pro hac vice)
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: 202.739.3000
Fax: 202.739.3001
kmcdermott@morganlewis.com

Thomas Hurka
MORGAN LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601
Phone: 312.324.1000
Fax: 312.324.1001
thurka@morganlewis.com
Counsel for Defendant Quintiles Transnational Corporation

All done July 20, 2012.


S/ Mick G. Harrison, Esq.
Mick G. Harrison, Esq.
205 N. College Ave., Suite 311
Bloomington, IN 47404
Tel. 812-361-6220
Fax (812) 336-7268
Mickharrisonesq@earthlink.net